UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER COSTA, et al.,

    Plaintiffs,

vs.                                                         Case No. 8:09-cv-624-T-27MAP

CARAMBOLA PARTNERS, LLC, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are (1) Plaintiffs' Notice of Filing Proposed Order and Default Judgment (Dkt. 149); and (2) Plaintiffs' Affidavits in Support of Default Judgment Against Carambola Partners, LLC, JS Carambola, LLP, and Brandie Puls, as Personal Representative of the Estate of John L. Puls (Dkts. 150, 151, 152, 153). Upon consideration, Plaintiffs' Notice of Filing Proposed Order and Default Judgment is construed as a motion to enter the proposed default judgment and is DENIED.

A December 9, 2010 Order (Dkt. 148) granted Plaintiffs' request for a default judgment as to Defendant Carambola Partners, LLC ("Carambola Partners") on Counts I, IV and V, as to Defendant JS Carambola, LLP ("JS Carambola") on Counts I and V, and (c) as to Defendant Brandie L. Puls, as Personal Representative of the Estate of John L. Puls, on Count I.

*Peter Costa*

Plaintiff Costa requests entry of judgment as to Carambola Partners in the amount of $496,250, comprising (1) $489,250.00 (calculated as benefit of the bargain damages), (2) "statutory

interest" in the amount of $3,791.25 calculated at the rate of .28% from the date of service of the summons and complaint through the anticipated date of entry of judgment, and (3) $3,823.64 in costs. Although the prejudgment interest rate selected does not appear unreasonable,[1] the amount of costs claimed is inconsistent with Costa's averment that he incurred only $2,748.13 in costs (Dkt. 150 ¶ 5), and Plaintiff fails to explain why the $31,000 Plaintiff received as part of the "amendment" to his reservation agreement should not be subtracted from his damages. Plaintiff has failed to demonstrate his entitlement to the amount claimed.

Plaintiff Costa requests entry of judgment as to JS Carambola and Brandie L. Puls, as Personal Representative of the Estate of John L. Puls, in the amount of $358,948.91, comprising (1) $310,000 (consideration paid for Costa's reservation agreement), (2) $4,236.40 in prejudgment interest calculated at the rate of .28% from February 13, 2006 (the date of Costa's reservation agreement), (3) $3,823.64 in costs, and (4) $40,888.87 in attorneys' fees.

The amount of costs claimed contradicts Costa's averment that he incurred only $2,748.13 in costs, the basis for an award of attorneys' fees is unstated, and Plaintiff fails to explain why the $31,000 Plaintiff received as part of the "amendment" to his reservation agreement should not be subtracted from his recovery pursuant to 15 U.S.C. § 77l, which allows a successful plaintiff "to recover the consideration paid for . . . [the security at issue] with interest thereon, *less the amount of any income received thereon* . . . ." Plaintiff has failed to demonstrate entitlement to the amount claimed.

---

[1] Although Section 12(a) of the Securities Act of 1933 allows a successful plaintiff "to recover the consideration paid for . . . [the security at issue] *with interest thereon*," 15 U.S.C. § 77l, the Act does not prescribe a specific rate.

*JVK Investco*

Plaintiff JVK Investco, LLC ("JVK Investco") requests entry of judgment as to Carambola Partners in the amount of $988,840.71, comprising (1) $978,500 (calculated as benefit of the bargain damages), (2) $7,592.61 in "statutory interest" from the date of service of the summons and complaint, and (3) $2,748.10 in costs. As Plaintiff fails to explain why the $62,000 Plaintiff received as part of the "amendments" to its reservation agreements should not be subtracted from its damages, Plaintiff has failed to demonstrate entitlement to the amount claimed.

Plaintiff JVK Investco requests entry of judgment as to JS Carambola and Brandie Puls in the amount of $671,344.02, comprising (1) $620,000 (consideration paid for JVK Investco's reservation agreements), (2) $8,330.00 in prejudgment interest from the date of JVK Investco's reservation agreements, (3) $2,748.10 in costs, and (4) $40,265.92 in attorneys' fees. The basis for an award of attorneys' fees is unstated, and Plaintiff fails to explain why the $62,000 Plaintiff received as part of the amendments should not be subtracted from its recovery. Plaintiff has failed to demonstrate entitlement to the amount claimed.

*Gehle Anderson Properties*

Plaintiff Gehle Anderson Properties, LLC ("Gehle Anderson Properties") requests entry of judgment as to Carambola Partners in the amount of $495,759.90, comprising (1) $489,250.00 (calculated as benefit of the bargain damages), (2) "statutory interest" of $3,791.25 calculated at the rate of .28% from the date of service of the summons and complaint, and (3) $2,718.65 in costs. As Plaintiff fails to explain why the $31,000 Plaintiff received as part of the amendment to its reservation agreement should not be subtracted from its damages, Plaintiff has failed to demonstrate

entitlement to the amount claimed.

Plaintiff Gehle Anderson Properties requests entry of judgment as to JS Carambola and Brandie Puls in the amount of $357,253.51, comprising (1) $310,000 (consideration paid for GAP's reservation agreement), (2) $4,229.26 in prejudgment interest from date of its reservation agreement, (3) $2,718.65 in costs, and (4) $40,305.60 in attorneys' fees. The basis for an award of attorneys' fees is unstated, and Plaintiff fails to explain why the $31,000 Plaintiff received as part of the amendment to its reservation agreement should not be subtracted from its recovery. Plaintiff has failed to demonstrate entitlement to the amount claimed.

*The Johnsons*

Jeffry and Justyna Johnson request entry of judgment as to Carambola Partners in the amount of $988,875.67, comprising (1) $978,500 (calculated as benefit of the bargain damages), (2) $7,592.61 in "statutory interest" from the date of service of the summons and complaint, and (3) $2,783.06 in costs. As Plaintiffs fail to explain why the $62,000 Plaintiffs received as part of the amendments to their reservation agreements should not be subtracted from their damages, Plaintiffs have failed to demonstrate entitlement to the amount claimed.

The Jonhsons request entry of judgment as to JS Carambola and Brandie Puls in the amount of $671,174.06, comprising (1) $620,000 (consideration paid for the Johnsons' reservation agreements, (2) $8,487.08 in prejudgment interest from the date of the Johnsons' reservation agreements, (3) $2,783.06 in costs, and (4) $39,903.92 in attorneys' fees. The basis for an award of attorneys' fees is unstated, and Plaintiffs fail to explain why the $62,000 Plaintiffs received as part of the amendments to their reservation agreements should not be subtracted from their recovery.

Plaintiffs have failed to demonstrate entitlement to the amount claimed.

Accordingly, Plaintiffs' construed as a motion to enter their proposed judgment (Dkt. 149) is **DENIED**.

Plaintiffs may file a renewed motion for entry of judgment that adequately demonstrates the amount of Plaintiffs' damages. A request for attorneys' fees shall be filed by separate motion pursuant to Fed. R. Civ. P. 54(d)(2) and Local Rule 4.18(a) and shall demonstrate the reasonableness of the fees requested. *See generally Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).

**DONE AND ORDERED** in chambers this 2nd day of February, 2011.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Counsel of Record